# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON C. YOST, | CASE NO. 1:10-cv-00923 GSA PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED |
| v. | |
| K. HARRINGTON, et al., | |
| Defendants. | |

**Screening Order**

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.
3  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
4  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6  grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading
7  standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330
8  n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements
9  of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257
10 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Plaintiff's Claim

    Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison (KVSP), brings this civil rights action against defendant correctional officials employed by the CDCR at KVSP. Plaintiff names the following individual defendants: former KVSP Warden Hedgpeth; Warden Harrington; Associate Warden Ortiz; Captain Sanchez; Captain Soto; Sergeant Snell; Sergeant Barrett.

    Plaintiff's sole claim in this action is that he is being denied adequate outdoor recreation time. Plaintiff alleges that under the current yard release schedule, inmates who are employed at prison jobs get less yard time than unemployed inmates. Plaintiff alleges that working inmates receive 6 to 8 hours of recreational yard time per week. Plaintiff contends that this policy violates the California Code of Regulations sections that govern prison operations, as well as "mandated state law." Plaintiff alleges that the prison is not meeting the "mandated minimum" of 10 hours of yard time per week. Plaintiff also alleges that the scheduled yard times are "rarely met," and inmates are often released to yard 15 to 60 minutes late.

    To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's

affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743.44).

An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and one subjective. Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994). Under the objective requirement, the prison official's acts or omissions must deprive an inmate of "the minimal civilized measure of life's necessities." Id. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference. Id.

Exercise has been determined to be one of the basic necessities protected by the Eighth Amendment. LeMaire v. Maas, 12 F.3d 1444, 1457 (9th Cir. 1993). Although the long-term denial of outside exercise is unconstitutional, Spain v. Procunier, 600 F.2d 189 (9th Cir. 1979), "[A] temporary denial of outdoor exercise with no medical effects[, however,] is not a substantial deprivation." May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997); see also Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998).

Here, Plaintiff does not allege a total deprivation of exercise. Plaintiff alleges that he is provided exercise each week, just not in the amount that correctional regulations mandate. As noted above, however, in order to state a claim for relief under 42 U.S.C. § 1983, Plaintiff must allege facts indicating that he was deprived of a right secured by the Constitution or federal law. A violation of a regulation, or even a state statute, does not state a claim for relief under section 1983. The law on this matter is clear. In order to state a claim for relief, Plaintiff must allege facts indicating a long-term denial of outdoor exercise. Liberally construed, Plaintiff's allegations indicate that he is not deprived of all outdoor exercise. Plaintiff alleges that he gets outside exercise each week, just not as much as other inmates, or as much as the prison could, in Plaintiff's view, provide. On these facts, Plaintiff cannot

3

1 state a claim for relief.

### III. Conclusion and Order

Plaintiff's complaint does not state any cognizable claims under section 1983. Plaintiff's claim arises from his allegation that the weekly outdoor exercise he is provided does not comport with prison regulations. In order to state a claim, Plaintiff must allege facts indicating a long term denial of all outdoor exercise. The facts alleged indicate a reduction of, not a denial of, outdoor exercise. Plaintiff cannot state a claim on these allegations. Because the Court finds that this deficiency is not capable of being cured by amendment, the Court HEREBY ORDERS that this action is dismissed, with prejudice, for failure to state a claim. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

IT IS SO ORDERED.

Dated: **January 19, 2012**   /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE